EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                                                              | 2021 TSPR 119 |
|---------------------------------------------------------------------|---------------|
| Designación Miembros de la Comisión de Disciplina Judicial          | 207 DPR ____  |

Número del Caso: EN-2021-04

Fecha: 6 de agosto de 2021

Materia: Resolución del Tribunal.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Designación Miembros de la
Comisión de Disciplina
Judicial

EN-2021-04

RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de agosto de 2021.

La Regla 12(b) de las Reglas de Disciplina Judicial, 4 LPRA Ap. XV-B, dispone que la Comisión de Disciplina Judicial (Comisión) se compondrá de una Presidenta o Presidente y siete (7) Comisionadas Asociadas o Comisionados Asociados, nombrados por el Tribunal. Al amparo de esta disposición, se designan a las personas siguientes, en los cargos que se indican a continuación, para ocupar los puestos vacantes en la Comisión:

Lcda. Lourdes V. Velázquez Cajigas, Presidenta
Lcda. Nélida Jiménez Velázquez
Lcdo. Reinaldo O. Catinchi Padilla

Conforme a la Regla 12(c) de Disciplina Judicial, los miembros de la Comisión ocuparán sus cargos por un término de cuatro (4) años y hasta que la sucesora o el sucesor tome posesión del cargo. Estos nombramientos entrarán en vigor inmediatamente.

El Tribunal agradece a la Presidenta saliente de la Comisión, la Lcda. Enid Martínez Moya, y al Comisionado Asociado saliente, el Lcdo. Luis Rivera Román, por los años de dedicación para con este Tribunal y el Pueblo de Puerto Rico. Estos profesionales del

Derecho han descargado estas y otras encomiendas relacionadas de manera desinteresada y con un gran compromiso para con este Tribunal y la comunidad jurídica.

A la Presidenta entrante y a los nuevos miembros de la Comisión, el Tribunal agradece su disposición de servir a la ciudadanía a través de la Comisión.

Notifíquese a las licenciadas Velázquez Cajigas, Jiménez Velázquez y Martínez Moya, a los licenciados Catinchi Padilla y Rivera Román, y al resto de los miembros de la Comisión de Disciplina Judicial.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Martínez Torres está conforme y hace constar la expresión siguiente, a la que se unió la Jueza Asociada señora Pabón Charneco, el Juez Asociado señor Kolthoff Caraballo, el Juez Asociado señor Rivera García y el Juez Asociado señor Feliberti Cintrón:

> "Lamentablemente un miembro de este Tribunal ha establecido un patrón de minar la credibilidad de esta institución cuando sus recomendaciones o posturas no tienen el aval de la mayoría. Con alegaciones infundadas y alejadas de la realidad acusa que se ha tomado hoy la decisión de llenar las vacantes en la Comisión de Disciplina Judicial, sin que antes hubiera "un diálogo sereno, objetivo, colegiado entre todos los miembros de este Tribunal". Véase Expresión del Juez Asociado señor Estrella Martínez. Los hechos demuestran que se equivoca.
>
> Por el respeto que le tengo a esta institución y en cumplimiento del juramento que presté para defenderla, me veo en la obligación de dejar el récord claro, para que el Pueblo llegue a sus propias conclusiones.
>
> El 30 de julio de 2021, a las 10:08 am, la Juez Presidenta Oronoz Rodríguez circuló un memorando por correo electrónico a los efectos de proponer tres candidatos para llenar todas las vacantes que existen en la Comisión. La Juez Presidenta propuso como fecha tentativa para certificar la Resolución correspondiente el lunes 2 de agosto de 2021 a la 1:00 p.m. En su memorando, la Juez Presidenta Oronoz Rodríguez no convocó una reunión para discutir los nombramientos propuestos.

Solo utilizó el mecanismo escrito, como es habitual. Como era de esperarse, nadie cuestionó su correcto proceder. Mucho menos se señaló entonces que teníamos que reunirnos antes o que era apresurado certificar nuestra decisión en el próximo día laborable.

Ahora bien, a raíz de que llegó a nuestro conocimiento que uno de los miembros propuestos por la Juez Presidenta Oronoz Rodríguez no estaba disponible para integrarse a la Comisión, otros miembros de este Tribunal presentaron recomendaciones para ocupar la vacante restante. Entre los que propusieron candidatos se halla el Juez Asociado que hoy alega que no hubo "diálogo sereno, objetivo [y] colegiado".

Producto de ese intercambio de recomendaciones, una mayoría determinó que los integrantes para llenar las vacantes en la Comisión serían quienes son nombrados hoy. No fue hasta el pasado lunes 2 de agosto de 2021, después de que una mayoría había votado por los candidatos propuestos, que el Juez Asociado señor Estrella Martínez propuso una reunión del Tribunal en Pleno para discutir los nombramientos. Ahora, tras no prevalecer sus recomendaciones, inserta alegaciones infundadas de que no se dio espacio al diálogo y que las determinaciones no se están haciendo de forma colegiada. Curiosamente, no presenta reparos a ninguna de las personas nombradas. ¿Cuál es el criterio, entonces, para que se cumpla con el "diálogo sereno, objetivo [y] colegiado"? ¿Cuál es el objetivo de ese diálogo? ¿Que las recomendaciones del Juez Asociado señor Estrella Martínez prevalezcan a como dé lugar? ¿De lo contrario la determinación del Tribunal es atropellada y no es colegiada? Así no se puede funcionar.

El récord demuestra que la determinación a la que hoy se llega fue producto de deliberación y un consenso mayoritario amplio. Refleja también que todos los integrantes del Tribunal participaron activamente de la discusión de los nombramientos y propusieron nombres para llenar las vacantes. Ahora bien, como en todo cuerpo colegiado, las recomendaciones se atienden, evalúan y estudian, pero no se está en la obligación de acogerlas. En algún momento hay que decidir. ¿Es que de ahora en adelante si uno de nosotros no prevalece tiene licencia para atacar a los demás con insinuaciones falsas, las cuales mancillan la institución? No es la primera vez. Recientemente se nos acusó de hacer

"un ejercicio de poder extremista y desmedido" y que intentamos imponer, "no solamente en la jurisprudencia", un "[e]xtremismo basado en el odio...". In re nombramiento de los miembros de la Comisión de Evaluación Judicial, 2021 TSPR ___, ___ DPR ____ (2021), de 29 de julio de 2021, Expresión del Juez Asociado señor Estrella Martínez. Todo eso fue porque se discrepó de una persona nombrada a una comisión.

Así no se logra la apertura que se dice defender. Así no se defiende esta institución. Por el contrario, así es que se destruye: Con exageraciones infundadas, todo porque el Tribunal no acogió una propuesta de uno de sus integrantes."

El Juez Asociado señor Rivera García hace constar las siguientes expresiones, a las que se unieron el Juez Asociado señor Martínez Torres, la Jueza Asociada señora Pabón Charneco, el Juez Asociado señor Kolthoff Caraballo y el Juez Asociado señor Feliberti Cintrón:

"Hoy nuevamente nos compete ejercer nuestra facultad constitucional y administrativa para designar a varios miembros a la Comisión de Disciplina Judicial. En cumplimiento con esa encomienda, varios hermanos y hermanas de esta Curia nominaron sus respectivos candidatos para que el Pleno como cuerpo colegiado hiciera su selección. Luego de compartir nuestras respectivas impresiones sobre varias de las personas nominadas, el Pleno en su facultad deliberativa seleccionó a las personas que hoy designamos. No obstante, me veo precisado a responder a las expresiones infundadas de algunos de los miembros de la minoría de este Tribunal que, en su afán de imponer su criterio, pretenden mancillar la integridad, la reputación y los valores que enaltecen a los jueces y juezas de esta Curia.

Específicamente, las desacertadas expresiones de un compañero constituyen actos dirigidos a lacerar la integridad institucional. Pues que ironía tan desafortunada, que sean las mismas personas que promueven esa conducta, las mismas que se auto perciban como la panacea de la justicia. Pues como según expresé anteriormente, un cuerpo colegiado en su concepción más elemental se define mediante el principio de la actuación

colectiva entre sus miembros, que no es otra cosa, que la toma de decisiones de manera conjunta. Véase *In re Designación Miembros de la Comisión de Evaluación Judicial*, 2021 TSPR ___ (Rivera García, Voto Particular de Conformidad). Cabe resaltar que tales decisiones se realizan bajo el arraigado principio de la democracia. Principio democrático que en su concepción más básica y bajo el presente contexto no significa otra cosa, que la decisión final fue tomada por la Mayoría de los integrantes de ese cuerpo colegiado.

En ese sentido, los compañeros de la minoría tuvieron su espacio para exponer sus respectivas posturas sobre las nominaciones de ciertos candidatos. No obstante, sus posturas y argumentos no lograron persuadir el criterio de la Mayoría. Ante esa realidad y ante lo que a todas luces resulta ser una conducta reiterada, la minoría infructuosamente intenta dar la impresión que la determinación de la Mayoría estuvo viciada por factores exógenos al ponderado y genuino proceso deliberativo de un cuerpo colegiado. Véase también*, In re nombramiento de los miembros de la Comisión de Evaluación Judicial*, 2021 TSPR ___, (Estrella Martínez, Voto Particular Disidente).

No podemos callar ante tal pretensión. No podemos ser cómplices de estos discursos vanos que, como igual al canto de las sirenas, solo tratan de engañar y fomentar la penuria en sus oyentes. Triste realidad nos ha movido hoy a expresarnos, pero con la clara diferencia de tener la verdad y la razón de nuestro lado."

La Jueza Presidenta Oronoz Rodríguez emite la expresión siguiente:

"Mi inconformidad con el trámite que adoptó una Mayoría para las designaciones objeto de esta Resolución no va a la médula de los nombramientos a la Comisión de Disciplina Judicial que hoy se realizan. Como cuestión de hecho, propuse la designación de la Presidenta de la Comisión entrante, la Lcda. Lourdes V. Velázquez Cajigas, así como el nombramiento de la Comisionada Asociada, la Lcda. Nélida Jiménez Velázquez. No obstante, dada la importancia que reviste esta Comisión para que el Poder Judicial cumpla con su deber constitucional para disciplinar a

integrantes de la Judicatura, era indispensable darle espacio a todos los integrantes del Tribunal Supremo a expresar de forma presencial sus observaciones, inquietudes y discutir los méritos de <u>todas</u> las personas propuestas. Ello era medular para contar con todos los criterios posibles y necesarios antes de hacer una selección. En este caso se sometieron una serie de nombres en sustitución de uno de los nombres propuestos por esta servidora. Varios Jueces Asociados solicitaron una reunión para discutir los nombres propuestos y su petición fue rechazada.

Como Tribunal colegiado es esencial que los nombramientos a la Comisión de Disciplina Judicial --y de todas las comisiones-- se discutan de manera sosegada e informada. Por fortuna, contamos con un banco de talento de integrantes de la Judicatura retirados, muy comprometidos con asistirnos en ejecutar nuestras funciones constitucionales, por lo que el debate justo e informado no solo era posible sino aconsejable.

Confío en que encontraremos el camino de regreso al diálogo franco y sosegado que en el pasado ha caracterizado nuestro proceder para la designación de estos nombramientos".

El Juez Asociado señor Estrella Martínez emite la siguiente expresión particular:

"Nuevamente, durante este periodo de receso de verano, nos encontramos ante nombramientos a Comisiones de vital importancia dentro del Poder Judicial, que no fueron producto de un diálogo sereno, objetivo y colegiado entre todos los miembros de este Foro.

De entrada, es importante destacar que reconozco que cuando cinco (5) o más miembros de este Tribunal arriban a un acuerdo, ya sea con respecto a la designación de un recurso a una comisión o la disposición de un caso o controversia, tal mayoría tiene control de la decisión final. Por consiguiente, no cuestiono el dominio del poder de la mayoría, sino el modo innecesario en el que éste se ejecutó.

Durante ya una década, he sido uno de los jueces de este Tribunal que ha logrado alcanzar

consecuentemente una vasta diversidad de configuraciones en la votación, tanto desde la posición mayoritaria como desde el disenso. Ello no es casualidad, pues he procurado fomentar el debate colaborativo, el acuerdo y la práctica de tender puentes, elementos esenciales en un tribunal colegiado. A mi juicio, esa es la dinámica que debería imperar en el despliegue de nuestras facultades, a fin de evitar que factores exógenos desemboquen en una polarización entre los componentes de este Foro que no es beneficiosa para el Tribunal ni para el Pueblo de Puerto Rico.

Tal y como advertí recientemente en mis expresiones en *In re: Nombramiento de los miembros de la Comisión de Evaluación Judicial*, 2021 TSPR ___, deberíamos aspirar a que la toma de decisiones se nutra de un diálogo concienzudo y colectivo. Ello, máxime, en asuntos de esta índole que, aunque esenciales, no requieren ser atendidos de forma apresurada y surgen dentro de un periodo de receso que nos provee con el espacio para reunirnos y asegurar un intercambio de ideas armonioso, lo cual lamentablemente no ocurrió a pesar de ser solicitado.

Ante la reiteración de acciones en directa oposición al juicio concertado, aun después de extender una invitación abierta a la conversación y el entendimiento, me veo obligado a no avalar este curso de acción y a reiterar mi llamado a la discusión sosegada, el análisis cooperativo y la comprensión. Esto, al margen de cualquier juicio sobre los méritos de los designados, a quienes les agradezco su disposición de servicio."

El Juez Asociado señor Colón Pérez hace constar las siguientes expresiones:

"Cónsono con lo que ha sido nuestro proceder en este tipo de asunto, nos reiteramos en que previo a certificar cualquier Resolución donde se designen funcionarios del Tribunal o miembros a las comisiones que nos asisten en nuestros trabajos, -- como lo es la Comisión de Disciplina Judicial --, lo más saludable es que el Pleno de esta Curia tenga la oportunidad de reunirse, dialogar y evaluar detenidamente cada una de estas designaciones. Ello, en aras de poder identificar aquellos candidatos o candidatas que -- para realizar las tareas que se le

delegan -- pudiesen gozar de la confianza de todos y todas los que componemos este Foro.

Lamentablemente, en lo que ya parece ser un patrón de conducta por parte de una mayoría de los integrantes de este Tribunal, -- y no empece nuestro constante llamado al diálogo --, lo anterior no se dio aquí. Véase, de manera análoga, *In re Designación Miembros de la Comisión de Evaluación Judicial*, 2021 TSPR \_\_\_ (Colón Pérez, Voto Particular Disidente). **Esa no es la mejor forma de trabajar en un foro colegiado.**

Siendo ello así, y aun cuando la mayoría de las designaciones que hoy se realizan a la Comisión de Disciplina Judicial hubiesen contado con nuestro visto bueno, hemos decidido no avalar el proceder de esta Curia en el día de hoy."

Bettina Zeno González
Secretaria del Tribunal Supremo Interina